UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CARL PALADINO and BAP GROUP, INC.,

                Plaintiffs,

vs.

KEVIN P. BRUEN, in his official capacity as
Superintendent of the New York State Police;
JOHN C. GARCIA, in his official capacity as
Sheriff of Erie County; and JOHN GRAMAGLIA,
in his official capacity as Commissioner of the
Buffalo Police Department,

                Defendants.

**AMENDED ANSWER TO AMENDED COMPLAINT WITH JURY TRIAL DEMAND**

Case #: 1:22-cv-00541-JLS

---

Defendant, JOHN C. GARCIA, in his official capacity as Sheriff of Erie County (hereafter, "Garcia"), as and for his Amended Answer to Amended Complaint with Jury Demand, by his attorney, JEREMY C. TOTH, Esq., Acting Erie County Attorney (Kenneth R. Kirby, Esq., Assistant Erie County Attorney, of Counsel), upon information and belief states as follows:

## INTRODUCTION

1. Responding to paragraphs 1-8, Defendant, Garcia, states and objects that each of these paragraphs requires legal conclusions that this Answering Defendant is not required to reach. Otherwise, Defendant, Garcia, states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraphs 1-8.

## JURISDICTION AND VENUE

2. Responding to paragraphs 9-12, Defendant, Garcia, states and objects that each of these paragraphs requires legal conclusions that this Answering Defendant is not required to reach. Otherwise, Defendant, Garcia, states that he is without knowledge or information

1

sufficient to form a belief as to the truth or falsity of the allegations of paragraphs 1-4 of the Amended Complaint.

## PARTIES

3. Defendant, Garcia, lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraphs 13-19.

4. Admits the first sentence of paragraph 20, but denies that he, or, the Erie County Sheriff's Office, is exclusively "responsible for executing and enforcing New York's laws and regulations governing the carrying of firearms in public, including Section 5, within the territorial boundaries of Erie County," as is alleged in the remainder of the said paragraph.

5. Defendant, Garcia, lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 21.

## FACTUAL ALLEGATIONS

6. Responding to paragraphs 22-31, Defendant, Garcia, states and objects that each of these paragraphs requires a legal conclusion or conclusions that this Answering Defendant is not required to reach. Otherwise, Defendant, Garcia, states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraphs 22-31.

7. Defendant, Garcia, lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 32.

8. Responding to paragraphs 33-53, Defendant, Garcia, states and objects that each of these paragraphs requires a legal conclusion or conclusions that this Answering Defendant is not required to reach. Otherwise, Defendant, Garcia, states that he is without knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations of paragraphs 33-53.

9.  Defendant, Garcia, lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 54.

10. Responding to paragraphs 55-68, Defendant, Garcia, states and objects that each of these paragraphs requires a legal conclusion or conclusions that this Answering Defendant is not required to reach. Otherwise, Defendant, Garcia, states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraphs 55-68.

## COUNT ONE

11. Responding to paragraph 69, Defendant, Garcia, refers the Plaintiffs to his specific responses to specific numbered paragraphs of the Amended Complaint, as these are set forth hereinabove.

12. Responding to paragraphs 70-85, Defendant, Garcia, states and objects that each of these paragraphs requires a legal conclusion or conclusions that this Answering Defendant is not required to reach. Otherwise, Defendant, Garcia, states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraphs 70-85.

## COUNT TWO

13. Responding to paragraph 86, Defendant, Garcia, refers the Plaintiffs to his specific responses to specific numbered paragraphs of the Amended Complaint, as these are set forth hereinabove.

14.     Responding to paragraphs 86-98, Defendant, Garcia, states and objects that each of these paragraphs requires a legal conclusion or conclusions that this Answering Defendant is not required to reach. Otherwise, Defendant, Garcia, states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraphs 86-98.

15.     Defendant, Garcia, denies each and every other allegation of the Amended Complaint to which response has not heretofore been made.

## AS AND FOR A FIRST DEFENSE:

16.     Service of process upon Defendant, Garcia, was insufficient.

## AS AND FOR SECOND DEFENSE:

17.     Personal jurisdiction is lacking over Defendant, Garcia.

## AS AND FOR A THIRD DEFENSE:

18.     Insofar as it is alleged by Plaintiffs (see ¶20, Amended Complaint) and/or insofar as such is the circumstance, to the fullest extent that Defendant, Garcia, in his capacity as Sheriff of Erie County, is charged with and/or obligated to enforce the laws duly enacted into law by the New York State Legislature, and, in this instance, most particularly, Chapter 371 of the Year 2022 of the Laws of the State of New York, upon information and belief he acts as an agent of the State of New York and, hence, pursuant to the Eleventh Amendment to the United States Constitution, this Court lacks subject matter juris-diction over the within action.

## AS AND FOR A FOURTH DEFENSE:

19.     Insofar as it is alleged by Plaintiffs (see ¶20, Amended Complaint) and/or insofar

4

as such is the circumstance, to the fullest extent that Defendant, Garcia, in his capacity as Sheriff of Erie County, is charged with and/or obligated to enforce the laws duly enacted into law by the New York State Legislature, and, in this instance, most particularly, Chapter 371 of the Year 2022 of the Laws of the State of New York, upon information and belief he acts as an agent of the State of New York and, hence, pursuant to the Eleventh Amendment to the United States Constitution, this action cannot be maintained against him.

## AS AND FOR A FIFTH DEFENSE:

20.   The Plaintiffs have failed to join as defendants party(ies) who, or which, are indispensable to this action and/or in whose absence complete justice cannot be administered.

## AS AND FOR A SIXTH DEFENSE:

21.   The Plaintiffs have failed to join as defendants party(ies) who, or which, are indispensable to this action and/or who, or which, stand to be inequitably affected if the relief prayed for in the Plaintiffs' Prayer for Relief is granted.

## AS AND FOR A SEVENTH DEFENSE:

22.   Inasmuch as Defendant, Garcia, did not enact into law Chapter 371 of the Year 2022 of the Laws of the State of New York, all of the relief demanded in paragraphs (a), (b), (c), (e), and second (d) of the Prayer for Relief is improperly and inappropriately prayed for as against Defendant, Garcia. Hence, the relief demanded in each, or any, of the foregoing paragraphs of the Prayer for Relief cannot be granted as against Defendant, Garcia.

## AS AND FOR AN EIGHTH DEFENSE:

23.   Inasmuch as Defendant, Garcia, did not enact into law Chapter 371 of the Year

2022 of the Laws of the State of New York – the enactment into law of which by the New York State Legislature (with New York Governor Hochul's approval) the Plaintiffs complain, the Plaintiffs are not entitled, under 42 U.S.C. §1988 or any other provision of law, to an award of "their reasonable costs, including attorneys' fees, incurred by them in bringing this action" as against Defendant, Garcia, as such relief is prayed for in paragraph (e) of the Prayer for Relief.

## AS AND FOR A NINTH DEFENSE:

24. Insofar as the Amended Complaint reasonably may be construed as asserting a claim not against Defendant, Garcia, but, rather or additionally, against the Erie County Sheriff's Office -- see, ¶20, "Defendant John C. Garcia is the Sheriff of Erie County. As Erie County Sheriff, he exercises, delegates, or supervises all the powers and duties *of the Erie County Sheriff's Office, which is responsible for executing and enforcing New York's laws and regulations governing the carrying of firearms in public, including Section 5[1]*" (*italics* and emphasis supplied) -- it fails to state a claim upon which relief can be granted because the Erie County Sheriff's Office, being a mere department, office, or subdivision of the municipal corporation known as the County of Erie, is not a legal entity susceptible of being independently sued.

## AS AND FOR A TENTH DEFENSE:

25. Insofar as the Amended Complaint reasonably may be construed as asserting a claim not against Defendant, Garcia, but, rather or additionally, against either (i) the Erie County Sheriff's Office and/or (ii) persons employed within the Erie County Sheriff's Office -- see, ¶20, "Defendant John C. Garcia is the Sheriff of Erie County. As Erie County Sheriff, he exercises, delegates, or supervises all the powers and duties *of the Erie County Sheriff's Office, which is*

---

[1] That is to say, Section 5 of Chapter 371 of the Year 2022 of the Laws of the State of New York.

6

*responsible for executing and enforcing New York's laws and regulations governing the carrying of firearms in public, including Section 5[2]*" (*italics* and <u>emphasis</u> supplied); <u>see also</u>, Prayer for Relief (d)(praying for an order and judgment "Enjoining Defendants and their employees and agents from applying Section 5 of Chapter 371 (i.e., N.Y. Penal Law §265.01-d) against Handgun Carry Licensees carrying concealed firearms") -- it fails to state a claim upon which relief can be granted as against Defendant, Garcia, because Section 54 of the County Law of the State of New York provides as follows:

> *No head of any agency, department, bureau, or office of a county[3] shall be liable to respond in damages to the county or to any other person for any act or omission of any employee of the county employed within the agency, department, bureau, or office of which he is such head.* Any lawful claims which but for this section would be claims against such head of an agency, department, bureau, or office shall be lawful claims against the county and shall be deemed to the liability of the county. Nothing contained herein, however, shall be deemed to relieve the head of any agency, department, bureau, or office of liability to the county or to any other person for his own act or omission to act, nor be deemed to impose any new liability upon the county for any act or omission of such head of any agency, department, bureau, or office to which the county was not lawfully subject prior to the taking effect of this act.

(*Italics* supplied.)

## AS AND FOR AN ELFVENTH DEFENSE:

26. In light of all of the foregoing, but in light of, most particularly, the allegations of the Ninth and Tenth Defenses (¶¶24-25, *supra*), Defendant, Garcia, is not a proper party defendant herein.

## AS AND FOR A TWELFTH DEFENSE:

27. In light of all of the foregoing, as against Defendant, Garcia, the Amended Com-

---

[2] That is to say, Section 5 of Chapter 371 of the Year 2022 of the Laws of the State of New York.
[3] Such as Defendant, Garcia, is.

7

plaint fails to state a claim upon which relief can be granted, or, upon which injunctive relief against this Answering Defendant can be granted.

### AS AND FOR A TWELFTH DEFENSE:

28. Plaintiff, Carl Paladino, lacks standing to bring the within action.

### AS AND FOR A THIRTEENTH DEFENSE;

29. Plaintiff, BAP Group, Inc., whether as alter ego of Carl Paladino or otherwise, lacks standing to bring the within action.

### AS AND FOR A FOURTEENTH DEFENSE:

30. Plaintiffs have failed to join as parties-defendants parties which, or who, are indispensable parties to this action, to-wit, the State of New York, the New York Legislature, the enactor of the challenged legislation, and/or the Governor of the State of New York, Kathleen Hochul, who signed the challenged legislation into law, int the absence of which, or whom, (i) complete relief cannot be afforded as among the parties, and (ii) this action cannot proceed.

### AS AND FOR A FIFTEENTH DEFENSE:

31. Paragraph 30 is re-alleged with the same full force and effect as if more fully set forth herein.

31. Because, under the Eleventh Amendment to the United States Constitution, it is not feasible for the State of New York and/or the New York Legislature and/or New York Governor Hochul to be joined as parties-defendants, this action must be dismissed.

8

## AS AND FOR A SIXTEENTH DEFENSE:

31. The within action is barred by the Tenth Amendment to the United States Constitution.

## AS AND FOR A SEVENTEENTH DEFENSE:

31. Inasmuch, as heretofore alleged, this Answering Defendant, in his official capacity, has been named as a party defendant because under the laws of the State of New York he, as Sheriff of the County of Erie, is obligated to enforce the laws duly enacted by the New York Legislature (and, in the instance of the challenged law[s] herein, signed into law by New York Governor Hochul), including the law(s) which Plaintiffs seek to challenge herein, the within action is barred by, and/or cannot be maintained as against this Answering Defendant by reason of the provisions of the Eleventh Amendment to the United States Constitution.

## AS AND FOR AN EIGHTEENTH DEFENSE:

32. The within action is, otherwise, barred by the Eleventh Amendment to the United States Constitution.

## AS AND FOR A NINEEENTH DEFENSE:

33. This Court has not subject matter jurisdiction of the within action.

## JURY TRIAL DEMAND

28. Defendant, Garcia, demands a jury trial of all issues herein.

**WHEREFORE**, Defendant, JOHN C. GARCIA, in his official capacity as Sheriff of Erie County, demands judgment dismissing the Amended Complaint as against him, together with the costs and disbursements of this action.

**DATED:** Buffalo, New York
August 22, 2022

                                       **Yours, etc.,**

JEREMY C. TOTH, ESQ.
Acting Erie County Attorney
Attorney for Defendant, JOHN C. GARCIA,
in his official capacity as Sheriff of Erie
County
By: Kenneth R. Kirby, Esq.
   KENNETH R. KIRBY, ESQ
   Ass't. Erie Co. Att'y., of Counsel
Office & P. O. Address:
Erie County Department of Law
95 Franklin Street, Room 1634
Buffalo, New York 14202
Tel: (716)858-2226
Email: Kenneth.kirby@erie.gov

To:   LIPSITZ GREEN SCIME CAMBRIA LLP
Paul J. Cambria, Jr., Esq., of Counsel
Attorneys for Plaintiffs
Office & P. O. Address:
42 Delaware Avenue, Suite 120
Buffalo, New York 14202-3901
Tel: (716)849-1333
Email: pcambria@lglaw.com

cc:   DAVID M. LEE, ESQ.
Corporation Counsel
The City of Buffalo
Attorney for Co-defendant, JOHN GRAMAGLIA,
in his official capacity as Commissioner of [the]
Buffalo Police Department
Office & P. O. Address:
1100 City Hall

65 Niagara Square
Buffalo, New York 14202
Tel: (716)851-9691
Email: dlee@city-buffalo.com


LATETIA JAMES, ESQ.
New York Attorney General
Kathleen M. Kaczor, Esq.
Assistant Attorney General, of Counsel
Attorneys for Co-defendant, KEVIN P. BRUEN,
in his official capacity as Superintendent of the
New York State Police
Office & P. O. Address:
New York State Attorney General
Buffalo Regional Office
Main Place Tower
350 Main Street, Suite 300A
Buffalo, New York 14202-3750
Tel: (716)853-8485
Email: Kathleen.Kaczor@ag.ny.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2022 we electronically filed with the clerk of District Court using its CM/ECF system, and on the same date the court's CM/ECF system caused to be (electronically) served the foregoing to the following CM/ECF participants at the following (email) addresses:

LIPSITZ GREEN SCIME CAMBRIA LLP
Paul J. Cambria, Jr., Esq., of Counsel
Attorneys for Plaintiffs
Office & P. O. Address:
42 Delaware Avenue, Suite 120
Buffalo, New York 14202-3901
Tel: (716)849-1333
Email: pcambria@lglaw.com

DAVID M. LEE, ESQ.
Corporation Counsel
The City of Buffalo
Attorney for Co-defendant, JOHN GRAMAGLIA, in his official capacity as
Commissioner of [the]Buffalo Police Department
Office & P. O. Address:
1100 City Hall
65 Niagara Square
Buffalo, New York 14202
Tel: (716)851-9691
Email: dlee@city-buffalo.com

LATETIA JAMES, ESQ.
New York Attorney General
Kathleen M. Kaczor, Esq.
Assistant Attorney General, of Counsel
Attorneys for Co-defendant, KEVIN P. BRUEN, in his official capacity as
Superintendent of the New York State Police
Office & P. O. Address:
New York State Attorney General
Buffalo Regional Office
Main Place Tower
350 Main Street, Suite 300A
Buffalo, New York 14202-3750Tel: (716)853-8485
Email: Kathleen.Kaczor@ag.ny.gov

**Dated**:	Buffalo, New York
August 22, 2022	**Yours, etc.,**

JEREMY C. TOTH, ESQ.
Acting Erie County Attorney
Attorney for Defendant, JOHN C.
GARCIA, in his official capacity as Sheriff
of Erie County

By: Kenneth R. Kirby, Esq.
KENNETH R. KIRBY, ESQ
Ass't. Erie Co. Att'y., of Counsel
Office & P. O. Address:
Erie County Department of Law
95 Franklin Street, Room 1634
Buffalo, New York 14202
Tel: (716)858-2226
Email: Kenneth.kirby@erie.gov